JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CHAD NORDBY, an Individual, WIBU VENTURES, INC., a Minnesota Corporation, and Does 1-10, Inclusive,<br><br>　　　　　　Defendants. | Case No.: CV11-07331 DSF (JEMx)<br><br>**FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT WIBU VENTURES, INC.** |

/ / /

/ / /

/ / /

/ / /

The Court, pursuant to the Stipulation For Entry of Final Judgment, Including Permanent Injunction ("Stipulation"), between Plaintiff MOPHIE, INC. ("Plaintiff") on the one hand, and Defendants WIBU VENTURES, INC. ("WIBU") and CHAD NORDBY ("NORDBY") (collectively "Defendants"), on the other, hereby ORDERS, ADJUDICATES and DECREES that final judgment, including permanent injunction, shall be and hereby is entered on the Complaint in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant WIBU and any person or entity acting in concert with, or at the direction of it, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's MOPHIE® and M® character, design, or word trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's MOPHIE® and M® character, design, or word trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

b. performing or directing others employed by or representing it, or under its control, to perform any act or thing which is found to be likely to injure any of Plaintiff's MOPHIE® and M® character, design, or word trademarks, and/or Plaintiff's business reputation or goodwill or otherwise engaging in any acts

of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff's MOPHIE® and M® character, design, or word trademarks; and/or

      c. registering, creating and/or operating any Internet domain name or website that includes any Plaintiff's trademarks, including the MOPHIE® and M® character, design, or word trademarks.

2. Defendant WIBU is ordered to deliver immediately for destruction all unauthorized products, including counterfeit MOPHIE® and M®-branded products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in its possession or under its control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant WIBU's possession.

3. This Final Judgment shall be deemed to have been served upon Defendant WIBU at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant WIBU.

5. Plaintiff is entitled to recover and Defendant WIBU shall by this Judgment be bound to pay to Plaintiff the sum of One Hundred Thousand Dollars ($100,000.00) on Plaintiff's Complaint for Damages and Declaratory Relief against Defendant WIBU.

6. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Final Judgment, Including Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction

over this matter to enforce any violation of the terms of this Final Judgment, Including Permanent Injunction, and the Permanent Injunction herein.

7. **NO FEES AND COSTS.** Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 20th day of December, 2011.

*/s/ Dale S. Fischer*

_____
HON. DALE S. FISCHER
United States District Judge
Central District of California